**Loy Milford McGEE, Appellant,**

v.

**Melba Jo McGEE, Appellee.**

No. 8665.

Court of Civil Appeals of Texas, Amarillo.

April 26, 1976.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

A. W. Salyars, Lubbock, for appellee.

REYNOLDS, Justice.

The trial court granted Melba Jo McGee a divorce from Loy Milford McGee and made a division of their community property. Loy charges the trial court abused its discretion by making a manifestly unjust and unfair division of the community property. We do not agree. Affirmed.

In making what the trial court found was "a fair and equitable division of the properties of the parties," the court set aside to each party specific items of property with an approximate value of $60,000. The charge of abuse of discretion results from Loy's conclusion that the community interest he actually received was about one-half that awarded to Melba Jo because two

items of property found by the court to be community property of the value of $41,-381.77 and awarded to him were properties in which his father owned the substantial interest of $22,600. The two items were (1) the amount of $22,785.20 on deposit in an Oklahoma bank in the name of "Loy McGee, Farm Account," and (2) the 1975 wheat crop for which Loy held warehouse receipts and to which the court assigned a net community value of $18,596.57. Loy asserts that the evidence establishes his father owned approximately $9,000 of the bank account and approximately $13,575.50 of the wheat crop and, employing twelve points of error, he attacks the court's contrary findings of community interest by every judicially recognized attack.

◼ Loy launches the attack by claiming that the trial court misplaced the burden of proof and impermissibly applied the statutory presumption that the property was community. His premise is that Melba Jo had the burden to prove the amount and community nature of the estate she alleged the parties possessed and, when he injected evidence of his father's ownership in the bank account and the wheat crop, she failed to discharge her burden. Loy relies on the principle stated in *Harris v. Harris,* 174 S.W.2d 996, 999 (Tex.Civ.App.—Fort Worth 1943, no writ), and reiterated in other cases with similar factual situations, to be that "(b)efore [the wife] could recover . . . the burden was upon her to show [the extent of the] community property to be divided."

The principle was invoked correctly in *Harris* when the wife claimed as community property by parol gift the realty that was in the name of her father-in-law who was impleaded and asserted his title. But that is not the situation in the record we review. In the case at bar, the property in issue was shown to be in the name of and possessed by the husband, Loy, at the dissolution of the marriage and, therefore, there is the statutory presumption that the property is community property. V.T.C.A., Family Code § 5.02 (1975). The presumption is, of course, rebuttable, but the burden of refu-

tation falls on the one who seeks to overcome the presumption. *Tarver v. Tarver,* 394 S.W.2d 780, 783 (Tex.1965). Loy's father did not intervene to claim any interest in the properties and he was not called to testify; the husband alone asserted his father's ownership. Be that as it may, there remains the specific attacks on the court's findings with respect to the two disputed items of property.

Prior to the marriage, Loy had purchased a 160-acre tract of land in Oklahoma although 7/16th of the purchase price was paid after the marriage with community funds. His father owned 320 acres in the same area which Loy leased under some rental basis referred to as one-third and one-fourth. The arrangement was not explained with exactness, but all farming operations were carried on in Loy's name and he maintained a farm bank account in an Oklahoma bank in the name of "Loy McGee, Farm Account." The $22,785.20 amount of the bank account is not questioned.

Loy initially testified that all of the farm income was deposited in the bank account out of which, after payment of expenses, his father received his rental share at the end of each year; however, when asked specifically if his father's one-third and one-fourth share was or was not deposited in the account, Loy replied that his father's share was deducted before the deposit and it did not go into the account. Loy's accountant testified to an allocation he made of the 9 June 1975 bank balance of $23,-961.63 between Loy and his father. The sum of $9,111.87 was allotted to the father; however, the division was not made from farm production or deposit slips information, but from listings prepared by Loy's father which the accountant found in the bank statements he reviewed. Each deposit slip shown to and identified by the accountant as reflecting income from the father's acreage showed an unaccounted for deduction from the gross receipt to arrive at the amount deposited, but those slips identified as reflecting income from Loy's farm revealed no deductions before deposit.

The statutory presumption that the account contained only community funds attached upon proof that the account was in the name of and possessed by the husband, Loy, at the dissolution of the marriage. Although a portion of the testimony of Loy and his accountant, if believed, would rebut the presumption and lead to a finding that Loy's father owned an interest in the account, the other testimony of Loy, if believed, was that his father's share was not deposited in the account. This latter testimony is consistent with the deposits reflected by the deposit slips and with Loy's and Melba Jo's 1974 federal income tax return reporting as their farm income the exact amount of the total deposits made to the account for the same period.

■ It was the trial court's province, as the finder of the facts, to judge the credibility of the witnesses and the weight to be given to their testimony and to resolve the conflicts and the inconsistencies in the testimony. *Ford v. Panhandle & Santa Fe Ry. Co.,* 151 Tex. 538, 252 S.W.2d 561, 563 (1952). In the role of fact finder, the court could believe all or none of the testimony of any one witness or accept the testimony in part while rejecting it in another part. *Creech v. Thompson,* 156 Tex. 561, 297 S.W.2d 817, 820 (1957). Under these criteria, the court was justified in believing the evidence that the bank account was community property in which Loy's father owned no interest.

■ The 1975 wheat crop consisted of 2212.33 bushels produced on Loy's farm and 5944.33 bushels produced on his father's acreage. The court found the community net value of the wheat to be $18,596.57. Loy attacks this finding as being, inter alia, absolutely without evidentiary support; yet, conceding the 2212.33 bushels to be community property, he uses the court's value to compute, by percentage, the value of the 5944.33 bushels produced from his father's land at $13,575.50, the amount he claims his father owns. Overlooked in this computation is the fact that, pursuant to the farming arrangement, the community owned two-thirds, or 3962.89 bushels, of the wheat produced on the father's acreage.

The record does not detail the mechanics of the $18,596.57 finding; nevertheless, it is mathematically demonstrable that the figure resulted from assigning the (2212.33 + 3962.89) 6175.22 bushels belonging to the community estate a value of $3.40 per bushel and deducting the cost allocated to harvesting those bushels. The evidentiary support for the value of $3.40 per bushel is vigorously challenged.

■ Loy testified that the market price was $2.80 per bushel, that the price had "gone up considerably" and he did not know what it was on the day of the hearing, but that $4.00 was "too much." It is the rule that the fact finder is at liberty, by blending all the evidence admitted, to fix value within the range of the testimony. *McConnico v. Texas Power & Light Company,* 335 S.W.2d 397, 399 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.). Moreover, if it could be seriously argued that the court was in error in fixing the per bushel value at sixty cents more than the $2.80 price Loy testified the value had gone up considerably from, the error would be harmless. The court is not required to divide the community estate equally; the requirement is a division that the court deems just and right. V.T.C.A., Family Code § 3.63 (1975). The difference between the $2.80 and $3.40 value is only $3,705.13, and Loy's receipt of that much less than Melba Jo in the division of a community estate approximating $120,000 does not constitute an abuse of discretion. See, e. g., *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974).

In brief, we have applied the standards of evidential review required by the points of error and we are of the opinion that: the asserted ownership of Loy's father in the two items of property was not conclusively established; there is some evidence of probative force to support the court's challenged findings; the evidence in support of the findings is not so weak, or the contrary evidence is not so overwhelming, as to warrant the setting aside of the findings; and the findings are not so against the great

weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. All points of error are overruled.

The judgment is affirmed.