Leo Robert McINTYRE, Jr., Appellant,

v.

Marian McINTYRE, Appellee.

No. 04–86–00138–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1986.

David R. Weiner, San Antonio, for appellant.

Gary Howard, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

OPINION

CANTU, Justice.

In this appeal, appellant Leo Robert McIntyre, complains of the division of property made by the trial court in a divorce action brought by the appellee, Marian McIntyre. The parties were married in 1968 and separated in 1984. There are three children of the marriage.

A divorce was granted on January 7, 1986, and appellee was named managing conservator of the children. The court divided the property of the parties and awarded attorney's fees to appellee's attorney. Appellant's first four points of error complain of the property division, alleging that the trial court abused its discretion in ordering an unequal and disproportionate division of the community assets and debts that is manifestly unjust and inequitable, and in setting certain community assets at valuations which are without support in the record and which values are further against the great weight and preponderance of the evidence.

Specifically, appellant complains that a limited partnership, known as the Parman Properties Joint Venture and Stone Oak, in which the parties had an interest, was overvalued. Appellant valued the partnership interest at $200,000.00 in his deposition taken in January 1985. Approximately $67,-000.00 was owed in connection with the partnership at the time of trial. Appellant offered evidence at trial that a third party who had been interested in purchasing the interest for $73,000.00 was no longer interested in buying it at any price. The trial court valued the partnership interest at $200,000.00. Appellant also complains of the trial court's finding that a Dominion Country Club Membership was worth $17,-500.00. He claims that the evidence established that it was purchased for $6,500.00 and that it currently had no equity value.

The property division required the family residence to be sold. Proceeds from the sale were to be distributed first to discharge the lien on the property, then to discharge all indebtedness owed in connec-

tion with the Parman Property Joint Venture. Appellee was to receive 75% of the remaining proceeds, from which she was to pay her attorney $20,000.00. Appellant was to receive 25% of the remaining proceeds from which he was to pay appellee's attorney $30,000.00, and the further sum of $1,145.00 as fees for psychological testing related to custody issues.

Indebtedness on the vehicles was to be assumed by the party awarded each vehicle. Additionally, appellant was ordered to assume all other community indebtedness including outstanding credit card balances and his legal expenses incurred in the divorce, which totaled $32,000.00. He was further ordered to pay the mortgage payments on the family residence until it was sold. Other assets including an IRA account and money in a bank account were also divided.

A trial court has wide discretion in dividing the estate of the parties, and its division will be set aside on appeal only if an abuse of the court's discretion is shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W.2d 21 (1923). Community property need not be equally divided, TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1986), and a disparity in the incomes or earning capacities of the parties may be considered in dividing the property. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981) and cases cited therein.

The trial court found that appellant had the use and benefit of $131,775.00 during the parties' separation and that appellee had the use and benefit of $21,251.00. Appellee has obtained employment as a kindergarten teacher and earns approximately $1,000.00 per month. Appellant estimated his employment income for 1985 at $45,000.00, and estimated his income in 1986 would be $50,000.00. His salary in prior years ranged from a low of $60,000.00 to a high of $144,000.00, less expenses incurred.

The property division resulted in a distribution as follows:

| Asset | Value | Awarded to Wife | Awarded to Husband |
|---|---|---|---|
| Net proceeds from house [1] | $201,500 | $151,125 | $ 50,375 |
| less attorney fees to wife's attorney | −50,000 | 20,000 | 30,000 |
| Parman Properties Joint Venture | 200,000 | 100,000 | 100,000 |
| Automobiles [2] | 20,000 | 3,000 | 17,000 |
| Dominion lot | 1,000 | −0− | 1,000 |
| Dominion Country Club Membership | 17,500 | −0− | 17,500 |
| IRA and money in bank | 12,900 | 12,900 | −0− |
| Total share of net estate | 402,900 | 247,025 | 155,875 |
| less community debts | −32,000 | −0− | −32,000 |
| | 370,900 | 247,025 | 123,875 |
| Plus amounts available during separation | 153,026 | 21,251 | 131,775 |
| Total assets as divided | 523,926 | 268,276 | 255,650 |

■ This distribution awards appellant 49% of the total community assets and awards appellee 51%. Based upon the disparity in earning capacity, and in light of the cruel treatment found by the court to have been exhibited by appellant, we find that the trial court did not abuse its discretion in dividing the property in an unequal or in a disproportionate manner. Point of error one is overruled.

■ Appellant's contention that the value of $200,000.00 placed by the court upon the parties' interest in the Parman Properties Joint Venture is without support in the evidence is without merit. Appellant testified in a deposition prior to trial that the interest was worth between $200,000.00 and $250,000.00. At trial appellant declined to place a value on the interest and asked the court to determine its value. Appellee testified at trial that the interest was worth $200,000.00. Evidence was introduced that an offer to buy the interest for $73,000.00 was made in March of 1985.

1. The family residence was valued at $375,000.00. Adopting the figures used by appellant to demonstrate the property division, payment of a real estate commission of $37,500.00, payment of the lien on the house of $69,000.00 and satisfaction of debts owed on behalf of the Parman Property Joint Venture totaling $67,000.00 establishes the value of the property before division at $201,500.00 ($375,000 − $37,500 − $69,000 − $67,000 = $201,500).

2. Each party was to assume an unspecified debt owed on the automobiles received.

The parties stipulated that the person who made this offer would have testified that the partnership interest is no longer worth that amount. No stipulation as to the interest's value was entered.

The trial court, in evaluating the community assets, may blend all of the evidence and fix a value on property anywhere within the range of the testimony. To do so is not an abuse of its discretion. *McGee v. McGee,* 537 S.W.2d 94 (Tex.Civ.App.—Amarillo 1976, no writ). Since there was evidence that the Parman Property Joint Venture interest was worth $200,000.00, the finding of such was not so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Point of error two is overruled.

■ The evidence at trial established that Dominion Country Club Memberships were priced at $17,500.00 at the time of trial. The evidence indicated that appellant had paid only $6,500.00 for it. Appellant testified that there was no equity in the membership because it cannot be sold. He nevertheless admitted that the money for the membership is returnable after thirty years. No other evidence of the membership's value was offered. Thus, the evidence supports the trial court's finding that the membership had a value of $17,500.00. *See Dyer v. Dyer,* 616 S.W.2d 663 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd). Point of error three is overruled.

■ Although liability for many of the community debts was assessed in a greater proportion against appellant, consideration of the entire property division establishes that this was not an abuse of discretion. In reaching an equitable division and in view of the disparity in earning ability, the trial court was within its authority to order appellant to assume a greater proportion of the debts. *Means v. Means,* 535 S.W.2d 911 (Tex.Civ.App.—Amarillo 1976, no writ). Point of error four is overruled.

In his fifth point of error appellant alleges that the trial court abused its discretion in ordering him to pay appellee's attorney $30,000.00 in attorney's fees, in light of his (appellant's) financial position following the property division. As appellant recognizes in his brief, the attorney fee is but one factor for the court to consider in making an equitable division of the community estate. *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950). Further, an award of attorney's fees in a divorce case is within the discretion of the trial court, and will be disturbed only upon a showing of an abuse of that discretion. *Mogford v. Mogford,* 616 S.W.2d 936 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

■ As demonstrated in the property division set out above, appellee's attorney's fees were to be paid from the proceeds of the sale of the family residence. Even deducting the $30,000.00 fee from appellant's share of the proceeds, the net property distribution is almost equal. Thus the court did not abuse its discretion in ordering appellant to pay appellee's attorney's fees in the amount of $30,000.00. Point of error five is overruled.

■ Appellant next alleges that the trial court erred in finding that $50,000.00 was a reasonable fee for appellee's attorney and that the finding is against the great weight and preponderance of the evidence. In evaluating a point of error attacking the factual sufficiency of the evidence to support a finding, we look to all of the evidence and set aside the judgment if we find it is so against the great weight and preponderance as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellee's attorney testified regarding the work involved and the hours spent preparing appellee's case. He also offered testimony from Jack Paul Leon, an attorney involved in a family law practice in San Antonio. Leon testified about the work involved in this type of divorce case. Leon testified that $50,000.00 was a reasonable fee under the circumstances for representing appellee through the trial. Appellant offered no testimony nor attempted otherwise to rebut this evidence. On cross-examination appellant merely questioned

Leon concerning the size of the community estate.

■ Appellant again argues that the fee was unreasonable in light of the property division. However, as stated above, even including the $50,000.00 attorney fee in the property division, the division is nearly equal. Additionally, a fee roughly equivalent to 10% of the total value of the estate is not unreasonable. *See Morgan v. Morgan*, 657 S.W.2d 484 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd).

The trial court found that $50,000.00 is a fair and reasonable fee for the services necessarily rendered by appellee's attorney. Appellant made no objection to this finding. TEX.R.CIV.P. 298. Our review of the record reveals sufficient evidence to support the finding, and we conclude that the finding is not against the great weight and preponderance of the evidence. *Id.* Points of error six and seven are overruled.

■ In points of error nine and ten appellant alleges that the evidence is insufficient to support the judgment against him in favor of appellee's attorney for $10,-000.00 in attorney's fees in the event of an appeal to this Court, and $7,500.00 in the event of an appeal to the Supreme Court of Texas.

Leon testified that in his opinion a reasonable fee for an appeal to this Court would be $25,000.00 and to the Supreme Court $30,000.00. Appellant contends that Leon based his opinion on the complexity of an appeal involving a custody situation, and since the issue of custody is not involved on appeal, there is insufficient evidence to support the judgment.

As noted, an award of attorney's fees is within the discretion of the trial court, and will not be set aside absent a showing of an abuse of that discretion. *Mogford, supra.* A review of the evidence pertaining to an award of attorney's fees must be viewed in the light most favorable to the prevailing party. *Reaney v. Reaney*, 505 S.W.2d 338 (Tex.Civ.App.—Dallas 1974, no writ).

Leon testified generally as to the amount of work involved in a family law case, and

as to the qualifications of appellee's attorney. His testimony concerning an appeal to this Court was:

> An appeal to the Court of Civil Appeals [sic] in a family law matter, especially one involving a custody situation, it is my opinion a reasonable fee would be $25,-000 for the services rendered.

Thus Leon only partially based his opinion on the complexity of custody issues. The trial court did not award the full amount suggested by Leon, but rather limited attorney's fees on appeal to this Court to $15,000.00. Further, the trial court must award attorney fees in light of the evidence and probable appellate issues at the time of trial. Thus there is evidence to support the trial court's finding on the amount of attorney's fees.

No qualification as to the basis for his opinion on the amount of fees for an appeal to the Supreme Court was offered by Leon. He testified that $30,000.00 was a reasonable fee, however, the court awarded appellee's attorney only $7,500.00. Thus, again, there is sufficient evidence to support the amount of fees awarded.

Points of error nine and ten are overruled.

Finally, in point of error eight appellant alleges that the trial court erred in ordering that appellee's attorney's fees be paid from the proceeds of the family residence. Appellant contends that to do so violates the statutory protection afforded the proceeds from a sale of a community homestead from general creditors. TEX.PROP. CODE ANN. § 41.002 (Vernon Supp.1986).

■ Where a homestead cannot be partitioned, it is subject to sale and a division of the proceeds. *Brock v. Brock*, 586 S.W.2d 927 (Tex.Civ.App.—El Paso 1979, no writ). However, the proceeds from the sale of a homestead cannot be used to extinguish the liabilities due unsecured creditors. *Delaney v. Delaney*, 562 S.W.2d 494 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ dism'd).

The judgment herein recites that upon the sale of the family residence all ex-

**538**

penses of the sale are to be paid, and the lien on the property discharged. Next the proceeds are to be used to discharge the indebtedness owed on the Parman Property Joint Venture. From the remaining balance, appellee is to be credited with 75% and appellant 25%. Of appellant's 25%, $30,000.00 is to be used to pay appellee's attorney's fees and $1,145.00 to pay the psychologist's fee. Appellant complains only of the ordered payment of appellee's attorney's fees.

The attorney's fees and the business debt are liabilities owed general creditors. Thus the proceeds from the sale of a homestead cannot be applied to discharge these debts. However, the existence of a homestead is not presumed. *Day v. Day*, 610 S.W.2d 195 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The presumption that the proceeds from the sale of a homestead are protected arises only if existence of a homestead is first proven. *Burk Royalty Co. v. Riley*, 475 S.W.2d 566 (Tex.1972). Thus one who desires to avail himself of a homestead right must assert that right. *Bouldin v. Woosley*, 525 S.W.2d 276 (Tex.Civ.App.—Waco 1975, no writ); *Smith v. Lockhart*, 177 S.W.2d 117 (Tex.Civ.App.—Texarkana 1943, no writ).

The record indicates that the family residence was being marketed for sale at the time of trial, and several purchase offers had been received. Appellant was still living in the residence and the entire family had previously lived there so it is likely that it had been designated a homestead. Nevertheless, such was not raised nor established at trial. Furthermore, no objection was made that the trial court could not order payment of the attorney's fees because the proceeds were exempt property.

Based upon the record before us we cannot conclude that the family residence was the parties' homestead. As no complaint was raised at trial or in a motion for new trial, appellant has no basis for now complaining that the proceeds from the sale of the property are exempt. Point of error eight is overruled.

Finding no error requiring reversal, the judgment of the trial court is affirmed.