IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-530-CV




RICKEY A. McWILLIAMS,



 APPELLANT


vs.





SHERRY J. McWILLIAMS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. FA89-1182-C, HONORABLE JOHN SUTTON, JUDGE PRESIDING



 




 Rickey McWilliams and Sherry McWilliams were divorced after a trial to the court. 
Rickey McWilliams appeals the division of the marital estate. We will affirm the trial court's
judgment.



JUST AND RIGHT DIVISION OF PROPERTY


 In his first point of error, appellant complains that the trial court abused its
discretion in valuing and in dividing the parties' marital property. The trial court has wide
discretion in dividing the estate of the parties and that division should be corrected on appeal only
when the court has abused its discretion. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). In
exercising its discretion the trial court may consider many factors; we presume that the trial court
exercised its discretion properly. Bell v. Bell, 513 S.W.2d 20, 22 (Tex. 1974).

 Rickey first complains generally of the valuations made by the trial court. Rickey
and Sherry testified at trial to varying values of their respective properties. The trial court has
the duty to resolve conflicts and inconsistencies in the evidence and to fix the value within the
range of testimony. McGee v. McGee, 537 S.W.2d 94, 97 (Tex. Civ. App.--Amarillo 1976, no
writ). Rickey has not demonstrated that the trial court went outside the parties' testimony in
valuing any item of property. After reviewing the record we hold that the evidence is sufficient
to support the court's valuations. 

 The Family Code requires the trial court to order a just and right division of the
marital estate, having due regard for the rights of each party and any children of the marriage. 
Tex. Fam. Code Ann. § 3.63 (West Supp. 1993). The Code does not require an equal division. 
Young v. Young, 609 S.W.2d 758, 760-62 (Tex. 1980). Murff and subsequent cases suggest
factors that a trial court may consider to decide the percentage and type of property to be awarded
to each party. The trial court has the opportunity to observe the parties, determine their
credibility, and evaluate their needs and potentials, both social and economic. We afford wide
latitude and discretion to the trial court in dividing property. Murff, 615 S.W.2d at 700.

 Rickey complains that by using its valuations and granting attorney's fees, the trial
court awarded at least fifty-four percent of the community property to Sherry. Sherry argues that
the evidence before the court concerning business opportunities, capacities of the parties, and
abilities to earn income allowed the court to make this slightly uneven division of the property in
her favor. See Berdoll v. Berdoll, 398 S.W.2d 397, 400 (Tex. Civ. App.--Austin 1966, no writ).

 The evidence was that for the past five years Sherry had been employed in clerical
duties at two separate businesses, one full-time and one part-time. Rickey, on the other hand, had
been continuously employed for twenty years with General Telephone and Equipment Company
and had started a ranching business in Mason County. Rickey testified that the number of cattle
in his operation had grown. Sherry notes that opportunities and capacities for growth and
production in the cattle business provide Rickey with a significant advantage over her for business
gain and future support. 

 We hold that there is no evidence that the court abused its discretion in valuing or
dividing the marital property. We overrule the first point of error.

 In point of error number two, Rickey claims that the trial court abused its discretion
in severing the mineral estate from the surface estate of the Mason County property awarded to
Rickey. The trial court divided the severed mineral estate equally between the parties. Rickey
argues that there was no testimony concerning any value for the mineral interests and therefore
the court was without authority to sever the mineral estate from the surface and to divide the
minerals fifty-fifty without hearing evidence on the issue. Appellant cites no authority for this
proposition.

 Sherry argues that the courts in this state have long recognized minerals interests;
royalties and bonuses may constitute a part of the consideration adding value upon the sale of real
property. See Clyde v. Hamilton, 414 S.W.2d 434, 439 (Tex. 1967). We note that mineral
interests in property are specifically severable from the surface.

 Each party testified as to the value of the property's surface use for ranching and
grazing. The court had the inherent power to sever and divide the mineral estate without proof
of its future value, if any. Rickey has shown no harm that flows to him from the court's division;
indeed the trial court awarded 100% of any actual surface damages in the future to Rickey as
owner of the surface estate. Should there ever be mineral production from the land, the court's
action will prevent a future windfall to one party. We hold that the trial court did not abuse its
discretion by severing the mineral estate of unknown value and dividing it equally between the
parties. We overrule the second point of error.

 The judgment of the trial court is affirmed.



 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: November 24, 1993

Do Not Publish