*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-09-00006-CV

Claudia **BAKER**,
Appellant

v.

Alfred Alan **BAKER**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-07889
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 21, 2009

AFFIRMED AS MODIFIED

Claudia Baker appeals from a final decree of divorce, claiming the trial court erred in the

manner  in which property was distributed.  We modify the decree and affirm the final decree of

divorce as modified.

## BACKGROUND

In May 2006, Claudia filed a petition for divorce. Alfred answered and counter-petitioned for divorce. According to these pleadings, the parties were married on July 30, 1984, separated on July 12, 1992, and had no children. The matter was tried to the court. The main issues at trial involved a residence located at 216 Primera Street, Olmos Park, Texas. At the time of trial, only Claudia was living in the Primera Street residence.

At trial, Alfred testified he inherited $300,000.00 in 1996 and placed it in separate accounts. Alfred contended he spent about $154,849.24 of this inheritance fund on the Primera Street Property. According to Alfred's testimony, he spent approximately $2,000.00 from his inheritance on a mortgage payment for the Primera Street property, approximately $102,000.00 from his inheritance to pay off the balance of the note on the Primera Street property, and $50,000.00 from his inheritance to make improvements on the Primera Street property. Alfred further testified the improvements increased the value of the Primera Street property "at least $50,000.00, if not more." No documentary evidence or other proof was offered to corroborate Alfred's testimony about the source of the $50,000.00 used to make the improvements.

Claudia did not personally appear at trial, but did so through counsel. Claudia did not dispute Albert's claim to reimbursement for the mortgage-related payments and stipulated Alfred was entitled to reimbursement in the amount of $104,849.24 for these payments. However, Claudia argued against Alfred's reimbursement claim for $50,000.00 for his separate property used to make improvements on the Primera Street property.

The only evidence to support Alfred's claim is his testimony the $50,000 was his separate property derived from an inheritance and the property value was enhanced by the same amount. The only other evidence is Claudia's deposition testimony that she did not believe Alfred spent $50,000 of his separate property or that the property value was enhanced by that amount.

At the conclusion of the trial, the trial court granted the divorce, awarded Claudia the right to purchase Alfred's interest in the Primera Street property for $268,630.95, and set a deadline for Claudia to exercise this right. The trial court also ordered that in the event Claudia failed to purchase Alfred's interest, Claudia was to vacate the Primera Street property so the property could be sold. Finally, the trial court specified the manner in which the proceeds of the sale were to be distributed to Claudia and Alfred. The final decree of divorce provides in relevant part,

> Division of Marital Estate
>
> The Court finds that the following is *a just and right division of the parties' marital estate*, having due regard for the rights of each party.
>
> ....
>
> Real Property Commonly Known as 216 Primera Street, Olmos Park, Bexar County, Texas, 78212-2053. IT IS ORDERED AND DECREED that CLAUDIA BAKER shall have the right to purchase the interest of ALFRED ALAN BAKER in the real property commonly known as 216 Primera Street, Olmos Park, Texas, for the sum of $268,630.95, it being FURTHER ORDERED that certified funds in the aforesaid amount be paid to ALFRED ALAN BAKER by CLAUDIA BAKER on or before August 27, 2008....
>
> In the event that CLAUDIA BAKER does not pay to ALFRED ALAN BAKER in certified funds the aforesaid sum on or before August 27, 2008, IT IS ORDERED AND DECREED that the property and all improvements located thereon at 216 Primera Street, Olmos Park, Texas...shall be sold under the following terms and conditions:
>
> ....

4.        The Court ORDERS that CLAUDIA BAKER vacate the aforesaid premises and remove therefrom all of her personal property of any kind whatsoever not later than 6:00 p.m. on August 29, 2008.

5.        The net sales proceeds...shall be distributed as follows:

....

        b.        CLAUDIA BAKER shall receive the sum of $47,627.40, *said sum representing her separate property interest in the aforesaid property*.

        c.        ALFRED ALAN BAKER shall receive the sum of $154,849.24, *said sum representing his separate property interest in the aforesaid property*.

        d.        Any net sales proceeds remaining after the aforesaid sums have been paid shall be distributed fifty percent (50%) to CLAUDIA BAKER and fifty percent (50%) to ALFRED ALAN BAKER.

(emphasis added). No findings of fact were requested.

On appeal, both Claudia and Alfred represent that the Primera Street property was separate property because it was purchased jointly by the parties before their marriage. We note, however, the divorce decree divides the Primera Street property under the "just and right" standard, which is the standard for dividing community property, and allocates reimbursements to Claudia and Alfred which "represent[]" their "separate property interest[s]" in the Primera Street property.[1] Based on the record before us, it appears the trial court treated the Primera Street property as community, not separate, property. Neither Claudia nor Alfred assign error to this determination; therefore, our review will be done accordingly.

---

[1] *See Halamka v. Halamka*, 799 S.W.2d 351, 354 (Tex. App.—Texarkana 1990, no writ) (stating the estate to be divided in a divorce proceeding is the community estate).

## STANDARD OF REVIEW

We review a trial court's division of property for abuse of discretion. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981). There is no abuse of discretion if there is some evidence of a substantive and probative character to support the decision. *Garza v. Garza,* 217 S.W.3d 538, 549 (Tex.App.–San Antonio 2006, no pet.). Trial court's findings are reviewed for legal and factual sufficiency. *Id.* In family law cases the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review; therefore, legal and factual insufficiency are not independent grounds of reversible error. Instead, they constitute factors relevant to the assessment of whether the trial court abused its discretion. *Id.* "In considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion?" *Id.* We then consider whether, based on the evidence, the trial court made a reasonable decision. *Id.*

## DISCUSSION

### REIMBURSEMENT FOR IMPROVEMENTS

In her first issue, Claudia argues two reasons why the trial court abused its discretion in awarding $50,000.00 to Alfred as separate property improvements to the Primera property. First, Claudia asserts Alfred failed to establish by clear and convincing evidence the $50,000 was separate property because the only evidence to support Alfred's reimbursement claim was his uncorroborated testimony. Second, Claudia asserts Alfred failed to establish his right to reimbursement because the

only evidence presented was the amount paid for the improvements not the enhanced value of the property after the improvements.

In Texas, all marital property is either separate or community property. *Hilley v. Hilley*, 342 S.W.2d 565, 567 (Tex. 1961). Separate property consists of property acquired before marriage, or property acquired during marriage by gift, devise, or descent. TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001 (Vernon 2006). Community property consists of property, other than separate property, acquired by either spouse during marriage. TEX. FAM. CODE ANN. § 3.002 (Vernon 2006); *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001).

There is a statutory presumption that all property possessed by either spouse during or on dissolution of marriage is community property. TEX. FAM. CODE ANN. § 3.003(a) (Vernon 2006); *Barnett*, 67 S.W.3d at 111. To overcome the community property presumption upon divorce, a spouse claiming assets as separate property is required to establish their separate character by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003(b) (Vernon 2006). Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. FAM. CODE ANN. § 101.007 (Vernon 2008).

When a party seeks reimbursement for a benefit conferred by his separate estate to the community estate, the party seeking reimbursement must prove the benefit arose from a separate estate by clear and convincing evidence. *Beckner v. Beckner*, No. 02-07-00456-CV, 2009 WL 279485, at *1 (Tex. App.—Fort Worth February 5, 2009, no pet.)(mem. op.). When funds from one marital estate are used to make capital improvements to the property of another marital estate, the

proper measure of reimbursement is not the amount paid to make the improvements, but the enhancement value of the receiving estate. *Penick v. Penick*, 783 S.W.2d 194, 196 (Tex. 1999); *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex. 1985). Enhancement value is determined by the market value of the property before the improvements were made as compared to the market value of the property after the improvements were made. *Hernandez v. Hernandez*, No. 04-08-00709-CV, 2009 WL 1547746, at \*3 (Tex. App.—San Antonio June 30, 2009, no pet.)(mem. op.); *Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.). A party claiming the right of reimbursement has the burden of pleading and proving the expenditures and improvements were made and they are reimbursable. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982); *Garza*, 217 S.W.3d at 546.

Claims for reimbursement are equitable claims falling within the discretion of the trial court. *Vallone*, 644 S.W.2d at 459. The discretion to be exercised by a trial court in evaluating a claim for reimbursement is as broad as the discretion exercised in making a just and proper division of the community estate. *Penick*, 783 S.W.2d at 197. Nevertheless, a trial court abuses this discretion when it acts without guiding rules or principles, or when its ruling is arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Alfred testified he spent $50,000.00 on the improvements, and the improvements enhanced the value of the Primera Street property "at least $50,000.00." However, Alfred presented no evidence of the property's market value before the improvements were made as compared to the property's market value after the improvements were made. Without such evidence, Alfred did not present evidence of the enhanced value of the Primera Street property as required by the standard set

out by the supreme court. *See Penick v. Penick*, 783 S.W.2d 194, 196 (Tex. 1999); *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex. 1985). We hold the trial court abused its discretion in awarding Alfred $50,000.00 as reimbursement for improvements to the Primera Street property.

Having determined Alfred failed to establish the enhancement value of the improvements, we need not determine whether Alfred's uncorroborated testimony satisfied the clear and convincing evidence standard.

### BUYOUT AMOUNT

In her second issue, Claudia argues the trial court abused its discretion by "assigning a purchase price at which Claudia could buy out Alfred's interest in the property because no evidence was presented to show the value of the property or of the buy-out price." Claudia did not raise at the trial court any complaint as to the buyout or the price. The parties discussed with the court the value of the property after the close of evidence and gave the court the figures upon which the final calculation was determined. The trial court had no other figures on which to make a determination of the value of the property or the buyout price.

Moreover, the divorce decree merely provided Claudia the right to purchase the Primera Street property by August 27, 2008, for $268,630.95. If Claudia elected not to do so, then the property would be sold and Claudia and Alfred would receive their separate property interests. Nothing in the divorce decree requires Claudia purchase the property for $268,690.95 or prevents her from purchasing the property on the open market at a different price. The trial court did not abuse its discretion.

## HOMESTEAD

In her third issue, Claudia argues the trial court erred in ordering her to vacate the property and the property sold because the Primera Street property was her homestead. Claudia contends the property is protected and exempt from forced sale and the claims of creditors and her due process rights were violated. Additionally, Claudia asserts the Primera property was separate property and the proper procedure for division of non-community real property is a partition suit.

To preserve a complaint for appellate review, the record must show the complaint was made with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a). Moreover, in order for the homestead protection to arise, a party must assert and prove the existence of a homestead exemption. *McIntyre v. McIntyre*, 722 S.W.2d 533, 538 (Tex. App.—San Antonio 1986, no writ). Claudia's only mention of a homestead exemption was in her Second Amended Motion for New Trial wherein she stated "[t]he trial court abused its discretion in ruling that Petitioner vacate her homestead." Claudia did not plead or prove a homestead exemption in the trial court, assert any constitutional violation, or plead for a partition. The error raised in Claudia's Second Amended Motion for New Trial was not sufficiently specific to make the trial court aware of her complaint and did not preserve error on the homestead claim. *See* TEX. R. APP. P. 33.1(a).

However, even if Claudia's complaint was preserved for appellate review, Claudia's homestead claim fails. Claudia bases her homestead claim on the premise the Primera Street property was separate property owned jointly by Claudia and Alfred. Nothing in the record shows the trial court determined the Primera Street property was separate property or that Claudia requested

the court to do so. The decree distributed the Primera Street property as community property and neither Claudia nor Alfred complained of this distribution.

Furthermore, a trial court has broad power to order a "just and right" division of community property, including the power to order the sale of the homestead and the partition of the proceeds. *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 131 (Tex. 1991). When the property is sold, the homestead right attaches to the proceeds of the partition sale, and these proceeds are generally protected from creditors. *See id.* Even if Claudia had asserted and proved her homestead exemption, the trial court had the power to order the sale of the Primera Street property.

The trial court did not err in ordering the Primera Street property be vacated and sold, and the sale proceeds distributed to Claudia and Alfred.

### CONCLUSION

The divorce decree is modified to reduce Alfred's reimbursement award from $154,849.24 to $104,849.24 as his separate property interest in the Primera Street property. *See* TEX. R. APP. P. 43.2(b) (stating appellate court may modify the trial court's judgment and affirm the judgment as modified); *Beckner*, 2009 WL 279485, at *1 (modifying a final divorce decree to delete a reimbursement award, and affirming the decree as modified). We affirm the final divorce decree as modified.

Steven C. Hilbig, Justice

-10-