

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00001-CV
_____

BRENTLEY WAYNE HRNCIRIK, APPELLANT

V.

BOBBYE GAIL HRNCIRIK, APPELLEE

On Appeal from County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2013-509,724; Honorable Drue Farmer, Presiding

August 30, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal from a *Final Decree of Divorce.* By two issues, Appellant, Brentley Wayne Hrncirik, contests (1) the trial court's disproportionate award of property to Appellee, Bobbye Gail Hrncirik,[1] as being an abuse of discretion and (2) the legal and factual sufficiency of the evidence supporting a finding that Brentley was at fault in the breakup of the marriage. We affirm.

---

[1] Although represented by counsel at trial, Bobbye is proceeding *pro se* in this appeal.

BACKGROUND

Bobbye and Brentley were married on February 28, 2004, and separated in September 2013. She filed for divorce on December 31, 2013. The parties do not have any children of their own but do have children from previous relationships. As grounds for divorce, Bobbye alleged insupportability, cruel treatment, and adultery. Based on those grounds, she also sought a disproportionate share of the community estate, including Brentley's retirement account.

At the time of the divorce, Bobbye worked as director of a residential healthcare partnership for University Medical Center making $94,500 annually, as an accountant. Brentley worked for Matco Tools and testified his base salary at the time of divorce was $75,000 plus certain expenses and commissions. At the final hearing, he introduced a copy of his earnings through May 29, 2014, including commissions, which showed he had already earned $48,191.53. Although the hearing occurred in August 2014, he did not provide a more recent earnings statement.

Bobbye testified that Brentley began an affair in April 2013. According to her testimony, the parties attended marriage counseling to repair their marriage. During that time, they purchased acreage with a mobile home in Seymour, Texas, intending that it be used as a hunting ranch. They also purchased a camper for the ranch, financed by a purchase-money note in Bobbye's name.[2] Additionally, prior to the purchase of the ranch, they sold some lake property which they agreed to owner-finance. During the pendency of the divorce, Brentley received those payments.

---

[2] The testimony revealed that Brentley had sold the camper and was not applying the income from the sale toward the debt secured by the camper. While the divorce was pending, Bobbye made the payments on the camper to prevent damage to her credit.

Shortly after Bobbye filed for divorce, the trial court entered a temporary restraining order that restrained Brentley from, among other acts, selling or transferring property, incurring indebtedness, or spending money without court authorization. Two months later, temporary orders were entered assigning specific financial responsibilities to be borne by each party. Brentley was ordered to deposit proceeds from the sale of the lake property into a trust account for the benefit of both parties. Brentley and Bobbye were also ordered to deliver a sworn inventory and appraisement of their property to opposing counsel. The temporary orders further memorialized the parties' agreement to sell their residence and split the costs of any repairs and maintenance.

During the final hearing, Bobbye testified in support of her sworn inventory and appraisement and proposed division of property and debt. Included in the document were credit card and bank note liabilities. She explained the reasons for the bank notes and offered to assume certain debts in her name. She also provided documentation and photos of personal property to support her proposed division of property. Receipts and documentation of repairs made to the residence in preparation for sale were also admitted into evidence. She testified that contrary to the trial court's temporary orders, Brentley had purchased a tractor and storage building.

Brentley testified that he did not submit an inventory and appraisement or a proposed division of property and debt to the trial court as ordered. Despite the fact that Brentley claimed his attorney had one, no such document was introduced into evidence. Brentley did, however, submit a document entitled "House Items" with estimated values

for personal property totaling $90,643 (as compared to Bobbye's valuation of $8,025).[3] He testified he was using replacement cost figures whereas Bobbye testified that with her accounting background, household items had depreciated and she attributed only garage sale or "Craigslist" values to the personal property.

At the conclusion of the final hearing, the trial court found Brentley in contempt, and using Bobbye's values, ordered a disproportionate division of the community estate. The trial court divided Brentley's retirement benefits in his Matco Tools 401(k) plan, fifty-two percent to Bobbye and forty-eight percent to Brentley. That portion of the property division was memorialized in a *Qualified Domestic Relations Order*.

The trial court entered *Findings of Fact and Conclusions of Law*. Finding of Fact 2 provides that the divorce was granted on grounds of insupportability and adultery. The trial court found that Bobbye complied with the scheduling order by presenting an inventory and appraisement and proposed disposition of property and debt, while Brentley failed to present either. Brentley was also found to have willfully violated the temporary orders by failing to make payments on the camper and by failing to deposit funds from the sale of the lake property into a trust account. The trial court made additional findings regarding Brentley's failure to pay his share of repairs and maintenance on the residence. In Finding of Fact 15, specifically challenged by Brentley, the trial court found "[t]aking into consideration the evidence presented, the Court awarded a disproportionate share of the property and debts between the parties based on fault in the breakup in [sic] the marriage by Brentley Wayne Hrncirik." In its

---

[3] Brentley testified that $52,000 in tools was misappropriated by Bobbye but she denied any knowledge of the tools and he did not provide documentation in support of the missing tools. The trial court ruled it would take that amount "off both sides."

*Conclusions of Law*, the trial court found "[t]here was insufficient or limited evidence presented by Brentley Wayne Hrncirik as to property characterization and value."

APPLICABLE LAW—ABUSE OF DISCRETION

In a decree of divorce, the trial court must order a division of the community estate "in a manner the court deems just and right, having due regard for the rights of each party . . . ." TEX. FAM. CODE ANN. § 7.001 (West 2006). According to this standard, the trial court does not have to divide the community estate equally so long as the division is equitable. *O'Carolan v. Hooper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.). Due to this equitable standard, a trial court has wide discretion when it comes to the division of a community estate and we review the exercise of that discretion according to an abuse of discretion standard. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Furthermore, given the variances in property valuations and debt allocation, there is no requirement that the court effectuate a division of the community estate with mathematic certainty. *Id.* at 699.

On appeal, we will presume the trial court correctly exercised its discretion when dividing the community estate. *O'Carolan*, 414 S.W.3d at 311. Accordingly, "the appellant bears the burden to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion." *Id.* In that regard, a trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Generally, there is no abuse of discretion where there is some evidence of a

substantive and probative character to support the trial court's decision. *Swaab v. Swaab*, 282 S.W.3d 519, 515 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.).

When there is conflicting evidence of value, a trial court is permitted to blend all the evidence and assign a value within the range of evidence. *Moore v. Moore*, 383 S.W.3d 190, 200 (Tex. App.—Dallas 2012, pet. denied); *McGee v. McGee*, 537 S.W.2d 94, 97 (Tex. Civ. App.—Amarillo 1976, no writ). To do so is not an abuse of discretion. *McIntyre v. McIntyre*, 722 S.W.2d 533, 536 (Tex. App.—San Antonio 1986, no writ). Factors the trial court may consider in dividing the marital estate include the parties' earning capacity and business opportunities, their financial condition and obligations, their education, the size of their separate estates, their age, health, and physical condition, fault in the breakup of the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *Murff*, 615 S.W.2d at 699. In addition, the trial court may also consider and make adjustments for the effect of temporary orders. *In re Marriage of Ard*, No. 14-14-00808-CV, 2016 Tex. App. LEXIS 7531, at *21 (Tex. App.—Houston [14th Dist.] July 14, 2016, no pet. h.) (mem. op.).

STANDARD OF REVIEW—LEGAL AND FACTUAL SUFFICIENCY

In conducting a legal sufficiency review, we must consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports the verdict. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Evidence will be found to be legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. In conducting a legal sufficiency analysis, this court must credit favorable evidence if a reasonable fact finder could and disregard

6

contrary evidence unless a reasonable fact finder could not. *Id.* The fact finder is the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. *Id.* at 819. The reviewing court may not substitute its judgment for that of the fact finder, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. But if the evidence allows only one inference, neither the fact finder nor the reviewing court may disregard it. *Id.* A legal sufficiency challenge may only be sustained when the record discloses (a) a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (d) the evidence conclusively establishes the opposite of the vital fact in question. *Id.* at 810.

A factual sufficiency challenge requires a reviewing court to consider, examine, and weigh all the evidence in the record. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998), *cert. denied*, 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998). In doing so, the court no longer considers the evidence in the light most favorable to the disputed finding; instead, the court considers and weighs all the evidence and sets aside that finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* at 407.

ANALYSIS

By his first issue, Brentley maintains the trial court's division of property was so unjust and unfair as to constitute an abuse of discretion. By his second issue, he asserts there was no evidence or insufficient evidence to support Finding of Fact 15 in which the trial court explained that it was making a disproportionate division of property

7

based on Brentley's fault in the breakup of the marriage. Since fault is the only factor challenged by Brentley in his argument that the trial court erred in dividing the community estate, we will address his legal and factual sufficiency issue first.

A divorce may be granted on the basis of adultery. TEX. FAM. CODE ANN. § 6.003 (West 2006). Adultery can be established by circumstantial evidence, *Morrison v. Morrison*, 713 S.W.2d 377, 380 (Tex. App.—Dallas 1986, writ dism'd), but mere suggestion and innuendo are insufficient. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). In that regard, Bobbye testified that in April 2013 Brentley met a woman at the races in Midland and they began a relationship. A second encounter occurred in Colorado in June 2013. According to Bobbye, the relationship was confirmed by texts from the woman and receipts for the Colorado trip. In response to questioning during the final hearing, Brentley testified he was no longer seeing the woman and that she was no longer texting him. The parties began marriage counseling later that summer to repair their relationship. This evidence sufficiently supports the trial court's finding of adultery and the assignment of fault in the breakup of the marriage. Issue two is overruled.

As to Brentley's contention that the trial court's division of community property was so unjust and unfair as to constitute an abuse of discretion, we note that it is impossible to determine with mathematical certainty the extent to which the trial court favored Bobbye in the overall division of the estate. We can state that the trial court did award Bobbye a favorable division of Brentley's retirement—52% to 48%. Given the trial court's finding of fault in the breakup of the marriage, as well as various willful violations of temporary orders, and applying the appropriate standard of review, we

8

conclude that a two percent deviation from an otherwise mathematically equal division of the community estate does not constitute an abuse of discretion. Accordingly, issue one is overruled.

CONCLUSION

The *Final Decree of Divorce* is affirmed.


Patrick A. Pirtle
Justice