Lee Deforrest **BIGELOW**, Appellant,

v.

Nancy Roberta **STEPHENS**, Appellee.

No. 09–08–00169–CV.

Court of Appeals of Texas,
Beaumont.

Submitted April 3, 2009.
Decided May 28, 2009.

Donald L. Wyatt, Jr., Wyatt Legal Services, PLLC, The Woodlands, for appellant.

Carmen Rojo, Jeanette Burney Sullivan, San Antonio, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This is an appeal from a final divorce decree. In four issues, Lee Deforrest Bigelow challenges monetary awards made by the trial court in the decree. We affirm.

### Reimbursement

In Lee's first three issues, he asserts the trial court erred in its award of $29,934.00 based on Nancy's claim for reimbursement. Lee contends in issues one and two that the evidence is legally and factually insufficient to support the award; issue three challenges the trial court's award of a "money judgment."

The Texas Family Code requires the trial court to divide a marital estate in a "just and right" manner, considering the rights of both parties. TEX. FAM.CODE. ANN. § 7.001 (Vernon 2006). The trial court may generally exercise broad discretion in dividing a marital estate. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *Ohendalski v. Ohendalski*, 203 S.W.3d 910, 914 (Tex.App.-Beaumont 2006, no pet.).

The party complaining of the trial court's division of property must demonstrate that the division was so unjust, based on the evidence in the record, that it constitutes an abuse of discretion. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex.App.-Fort Worth 1999, pet. denied); *see also Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We may reverse the trial court's division of property "only if the trial court clearly abused its discretion and if the error materially affects the court's just and right division of the property." *Nelson v. Nelson*, 193 S.W.3d 624, 628 (Tex. App.-Eastland 2006, no pet.). If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly. *Pletcher*, 9 S.W.3d at 446.

In considering whether legal or factual sufficiency challenges demonstrate an abuse of discretion, we conduct a two-

prong inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err when applying that discretion? *See Garza v. Garza*, 217 S.W.3d 538, 549 (Tex.App.-San Antonio 2006, no pet.); *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex.App.-Dallas 2005, pet. denied). By applying these factors, we consider whether the trial court made a reasonable decision based on the evidence before it. *See Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. Because this appeal proceeds without the benefit of findings of fact and conclusions of law, we presume all findings necessary to support the trial court's judgment; we also apply any legal theory that the evidence supports in order to uphold the trial court's judgment. *Wilkerson v. Wilkerson*, 992 S.W.2d 719, 722 (Tex.App.-Austin 1999, no pet.).

Nancy's petition asserts a claim for reimbursement. No party requested a jury, and the trial court conducted a non-jury trial. During the trial, Nancy claimed that she spent money to enhance Lee's separate property. Nancy explained that after she married Lee, she received $25,834.11 for selling a house that she owned prior to the marriage. Nancy deposited the proceeds of the sale into Lee's separate Wells Fargo account. Nancy also testified that she received $4,100.00 from an insurance company for a damage claim on property she owned before she married Lee. After depositing the insurance proceeds into her account, Nancy signed a check made payable to Lee for $4,100.00, which he deposited into his separate Wells Fargo account. Nancy testified that Lee used her separate property funds to reduce a debt he owned on his separate property. Although present during the proceedings, Lee did not testify at trial.

■ At the conclusion of the trial, the court granted Nancy's reimbursement request, and subsequently signed a final decree ordering Lee to pay Nancy $29,934.00. The trial court commented that the sum "represents the proceeds from the sale of [Nancy's] home as well as the insurance settlement on the vehicle." Within the "Property to Wife" section of the decree, the trial court awarded a "$29,-934.00 money judgment against Lee De-Forrest Bigelow and in favor of Nancy Stephens[.]"

■ Our analysis of Lee's issues begins by noting that reimbursement is an equitable remedy. *See Vallone v. Vallone*, 644 S.W.2d 455, 458 (Tex.1982). Consequently, the Texas Family Code directs courts to "resolve a claim for reimbursement by using equitable principles[.]" Tex. Fam. Code Ann. § 3.408(c) (Vernon Supp.2008). Section 3.408(b) provides that reimbursement claims include those for payments of unsecured liabilities of another's marital estate and those for the inadequate compensation of a spouse's "time, toil, talent, and effort[.]" *Id.* § 3.408(b) (Vernon Supp.2008).

Pursuant to section 3.408(b), Lee asserts that Nancy's reimbursement claim, if any, would be limited to a claim "that her separate marital estate benefit[t]ed either the community estate or [Lee's] separate marital estate by paying for unsecured debts of the applicable marital estate." Lee claims that there was no evidence to "either establish the current value of any marital estate at issue or any enhanced value resulting from funds expended by [Nancy]." Essentially, Lee contends that because Nancy's separate property was used to pay a secured note, her claim would not qualify as a claim under the statutory provisions for reimbursement.

Two intermediate appellate courts have construed section 3.408(b) as the exclusive method that trial courts may utilize in determining whether to award a reim-

bursement claim when a community or separate estate pays off a spouse's secured debt. *See Cardwell v. Cardwell*, 195 S.W.3d 856, 860 (Tex.App.-Dallas 2006, no pet.); *Bishop v. Bishop*, No. 14–02–00132–CV, 2003 WL 21229476, at *6, 2003 Tex. App. LEXIS 4532, at *18 (Tex.App.-Houston [14th Dist.] May 29, 2003, no pet.). In *Cardwell*, a case in which the community estate made capital improvements to the husband's separate property, the Dallas Court held that the wife's claim would be better characterized as an economic contribution claim. *Cardwell*, 195 S.W.3d at 860; *see also* TEX. FAM.CODE ANN. §§ 3.401–3.410 (Vernon 2006 & Vernon Supp.2008) (Subchapter E. Claims for Economic Contribution and Reimbursement). The *Cardwell* court reasoned that a reimbursement claim was limited to the two specific circumstances set forth in subsection 3.408(b) or circumstances not covered by subchapter E of the Texas Family Code. *Cardwell*, 195 S.W.3d at 860. Because a claim for economic contribution can arise when one marital estate makes capital improvements to the property of another estate, the *Cardwell* court concluded that the wife's claim "should be governed by the law of economic contribution rather than the law of reimbursement." *Id.*

In *Bishop*, Houston's Fourteenth Court affirmed a trial court's denial of a reimbursement claim when a spouse sought reimbursement for the community estate's payment of part of a loan on the other spouse's automobile, which was shown to be her separate property. *Bishop*, 2003 WL 21229476, at *6, 2003 Tex.App. LEXIS 4532, at *18. The Fourteenth Court concluded that section 3.408(b) applies only to unsecured liabilities; because the car loan was secured, the community estate's car payments were ineligible for reimbursement. *Id.*

We disagree that section 3.408(b) necessarily excludes a reimbursement claim that is premised on the payment of a secured debt.[1] In our opinion, "[t]he definition of reimbursement in section 3.408[ (b) ] is simply a non-exhaustive list of two potential reimbursement claims." *Caro v. Lewis–Caro*, No. 04–07–00759–CV, 2008 WL 940780, at *1, 2008 Tex.App. LEXIS 2500, at *3 (Tex.App.-San Antonio Apr. 9, 2008, no pet.) (mem. op.); *Nelson*, 193 S.W.3d at 632. We do not believe that the Legislature, by providing two examples of reimbursement claims in section 3.408(b), intended to limit the trial court's power to use equity to achieve a fair division of the parties' property.

■■■ A reimbursement claim arises when funds or assets of one estate are used to benefit and enhance another's separate estate without receiving some benefit. *Vallone*, 644 S.W.2d at 459. "The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable." *Id.*; *see Hailey v. Hailey*, 176 S.W.3d 374, 384 (Tex.App.-Houston [1st Dist.] 2004, no pet.). "The party seeking an offset to a claim for reimbursement has

---

1. Although we stated in *Reimert v. Reimert*, that a claim for reimbursement was limited to either the two instances specified in the statute or circumstances not otherwise covered in "Subchapter E" of the Texas Family Code, our construction of section 3.408 was not necessary to our holding in that case because the majority determined that the spouse seeking economic contribution proved her claim.

No. 09–07–418–CV, 2008 WL 4890900, at *3, 2008 Tex.App. LEXIS 8549, at *7 (Tex.App.-Beaumont Nov. 13, 2008, no pet.); *see also* TEX. FAM.CODE ANN. § 3.408(a) (Vernon Supp. 2008) (a claim for economic contribution, if proven, prevails over a claim for reimbursement if a conflict between the two claims arises).

the burden of proof with respect to the offset." TEX. FAM.CODE ANN. § 3.408(e) (Vernon Supp.2008).

Because reimbursement is an equitable doctrine, a court of equity must consider all facts and circumstances when determining what is fair, just, and equitable. *Penick v. Penick*, 783 S.W.2d 194, 197 (Tex.1988). We give great latitude to trial courts when they apply equitable principles to reimbursement claims. *Id.* at 198. "The discretion to be exercised in evaluating a claim for reimbursement is equally as broad as the discretion exercised by a trial court in making a just and proper division of the community estate." *Nelson*, 193 S.W.3d at 632 (citing *Lucy v. Lucy*, 162 S.W.3d 770, 776 (Tex.App.-El Paso 2005, no pet.); *see Penick*, 783 S.W.2d at 198).

Nancy testified that the proceeds from the sale of her house and the insurance settlement were her separate property. She then explained that these proceeds were directed into Lee's Wells Fargo account, to which she had no signatory authority or access. Last, she testified that Lee used these proceeds to pay his debt on his separate property. Nancy's testimony was uncontested. In the absence of any findings, and based on the evidence before it, the trial court could reasonably have concluded the reduction in Lee's debt increased his net worth. Because reimbursement is an equitable remedy within the discretion of the trial court, we find sufficient evidence exists to support the trial court's conclusion to award Nancy $29,934.00 on her claim for reimbursement. *See Vallone*, 644 S.W.2d at 459. The trial court's reimbursement award to Nancy does not appear unjust; therefore, Lee has not demonstrated that the trial court abused its discretion. *See Pletcher*, 9 S.W.3d at 446; *see also Murff*, 615 S.W.2d at 698. We overrule issues one and two.

In issue three, Lee argues the trial court erred in awarding Nancy's reimbursement claim in the form of a money judgment. When a party proves a claim for reimbursement, the Texas Supreme Court has stated that a money judgment is a proper award. *See Jensen v. Jensen*, 665 S.W.2d 107, 110 (Tex.1984). Moreover, to achieve an equitable division of the community estate, a trial court may award a money judgment to one spouse against another. *Schlueter*, 975 S.W.2d at 588; *see also Weaks v. Weaks*, 471 S.W.2d 454, 455–56 (Tex.Civ.App.-Beaumont 1971, writ dism'd) ("In dividing the community estate [according to the spouses' agreement and] so as to achieve an equitable balance, we hold that the Court may order either party to pay a cash sum to the other even if there be no cash to be divided."). We hold that Lee has failed to demonstrate that the trial court abused its discretion in awarding Nancy a money judgment for her reimbursement claim. We overrule Lee's third issue.

### Attorney's Fees

In his fourth issue, Lee complains the trial court erred in awarding $6,500.00 in attorney's fees to Nancy. Lee contends that for a trial court to award attorney's fees in a divorce action, the fees must "come out of the community property estate and represent an equitable division of the estate of the parties." According to Lee, "[n]o evidence of community property was presented; no community property exists from which attorney's fees could be awarded." We review a trial court's award of attorney's fees for an abuse of discretion. *Panozzo v. Panozzo*, 904 S.W.2d 780, 785 (Tex.App.-Corpus Christi 1995, no writ).

While Lee argues that there is no evidence of community property in this case, the divorce decree specifically divides the

parties' community marital estate, the majority of which was divided pursuant to the parties' agreement. The record also reflects that the trial court had evidence before it that the parties owned community property. With respect to Lee's complaint that the award is excessive in light of the evidence concerning the value of the community property he received in the divorce, we find that the value of the community estate awarded to Lee is sufficient to support the amount of attorney's fees awarded by the trial court. To the extent Lee argues the evidence is insufficient to support the amount of the attorney's fees award, his fourth issue is overruled.

■ Lee does not argue that no basis, statutory or otherwise, exists to support the trial court's award of attorney's fees. Lee also did not object to the amount of the fees or to the basis of the fees in the trial court. Nevertheless, even if we were to construe Lee's complaint to include a claim that the trial court lacked a basis to award the fees, Lee failed to make that objection to the trial court. Therefore, any complaint Lee may have concerning the absence of a statutory basis for the trial court's award of attorney's fees was not preserved for review. *See* Tex.R.App. P. 33.1; *Zorilla v. Wahid,* 83 S.W.3d 247, 255 (Tex.App.-Corpus Christi 2002, no pet.).

We conclude that Lee failed to show that the trial court abused its discretion in awarding attorney's fees of $6,500.00. Lee's fourth issue is overruled. Having overruled all of Lee's issues, we affirm the trial court's judgment.

AFFIRMED.