Opinion filed January 29, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 29, 2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00024-CV 

                                 __________

 

                               MARGARET
BROUSSARD, Appellant

 

                                                             V.

 

                            KELLY
DOMINIC BROUSSARD, Appellee

 



 

                                         On
Appeal from the 279th District Court

 

                                                       Jefferson
County, Texas

 

                                                Trial
Court Cause No. F-189,385

 



 

                                             M E
M O R A N D U M    O P I N I O N

This is an appeal from a divorce decree.  The sole
issue before the trial court was the division of the couple=s property.  We affirm the trial court=s decree.

Margaret and Kelly Broussard were married in 1981. 
They agreed on the disposition of all the property except for the K & M
Broussard Company and whether the 1964 El Camino was an asset of the company. 
After a bench trial, the trial court awarded 100% of the shares and interest in
the company to Kelly.  It further awarded the El Camino, separate from its
award of the company, to Kelly.  Findings of fact and conclusions of law were
neither requested nor entered.








Margaret
has briefed four issues in which she challenges the division of property.  She
argues that the trial court erred when it failed to award the El Camino as an
asset of the company and when it awarded the company to Kelly.  Margaret also
argues that the evidence does not support the trial court=s division of property,
that the trial court abused its discretion because the division of property was
grossly disproportionate and because the property was undervalued, and that the
trial court did not use the proper standard in determining the character and
division of the disputed property.

The
trial court is provided a wide latitude under Tex.
Fam. Code Ann. '
7.001 (Vernon 2006) to order a division of the estate in a manner that the
trial court deems Ajust
and right, having due regard for the rights of each party.@  Schlueter v. Schlueter,
975 S.W.2d 584, 588 (Tex. 1998).  Absent an abuse of discretion, the trial
court=s determination
of the character of property and its distribution will not be disturbed on
appeal.  Murff v. Murff, 615 S.W.2d 696, 698-99 (Tex. 1981); Bigelow
v. Stephens, 286 S.W.3d 619, 620 (Tex. App.CBeaumont
2009, no pet.); Wells v. Wells, 251 S.W.3d 834, 841 (Tex. App.CEastland 2008, no pet.). 
Where findings of fact and conclusions of law have neither been requested nor
filed, it is presumed that the trial court made all of the findings necessary
to support its judgment or decree.  Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990).

The
record reflects that the company was formed during the marriage and that
Margaret and Kelly each owned 50% of the company.  An inventory of both
community and separate property was admitted without objection.  In the
inventory, the parties separately listed the community assets and the value
attached to each.  Both the El Camino and the company are listed as community
assets.  While the El Camino had been listed as a company asset in the March
2007 balance sheet of the company, it was undisputed that title was in Kelly=s name.  It was undisputed
that the company was a community asset; however, there were questions
concerning how the company had been operated by Kelly since the couple had
separated.  The record before this court does not support Margaret=s contentions that the
trial court erred in its characterization of the disputed property.








In
the decree, Kelly was ordered to pay Margaret $64,300.  The record reflects
that the parties agreed, at least at one point during the proceedings, that the
value of the company according to Margaret=s
CPA was $128,601.  In Exhibit No. 1, Margaret shows that she had agreed at one
time to pay Kelly $50,000 for his interest in the company.  Kelly further
testified that he would pay Margaret $64,300 for her interest in the company.

The
record before this court does not support Margaret=s contentions that the trial court=s award was grossly
disproportionate or not supported by the evidence.  Likewise, the record does
not support her contentions that the property was undervalued or that the trial
court used the wrong standards.  The record supports the trial court=s division of property as Ajust and right, having due
regard for the rights of each party@
pursuant to Section 7.001.  The majority of the property was awarded pursuant
to the parties=
agreement.  The disputed property B
the company and the El Camino B
was awarded to Kelly along with the debt attributable to the El Camino and the
provision that Kelly pay Margaret $64,300 in cash.  All of Margaret=s contentions have been
considered.  Each is overruled.

The
decree of the trial court is affirmed.

 

PER CURIAM

 

January 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.