**Opinion filed January 29, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00024-CV

_____

## MARGARET BROUSSARD, Appellant

## V.

## KELLY DOMINIC BROUSSARD, Appellee

**On Appeal from the 279th District Court**

**Jefferson County, Texas**

**Trial Court Cause No. F-189,385**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a divorce decree. The sole issue before the trial court was the division of the couple's property. We affirm the trial court's decree.

Margaret and Kelly Broussard were married in 1981. They agreed on the disposition of all the property except for the K & M Broussard Company and whether the 1964 El Camino was an asset of the company. After a bench trial, the trial court awarded 100% of the shares and interest in the company to Kelly. It further awarded the El Camino, separate from its award of the company, to Kelly. Findings of fact and conclusions of law were neither requested nor entered.

Margaret has briefed four issues in which she challenges the division of property. She argues that the trial court erred when it failed to award the El Camino as an asset of the company and when it awarded the company to Kelly. Margaret also argues that the evidence does not support the trial court's division of property, that the trial court abused its discretion because the division of property was grossly disproportionate and because the property was undervalued, and that the trial court did not use the proper standard in determining the character and division of the disputed property.

The trial court is provided a wide latitude under TEX. FAM. CODE ANN. § 7.001 (Vernon 2006) to order a division of the estate in a manner that the trial court deems "just and right, having due regard for the rights of each party." *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998). Absent an abuse of discretion, the trial court's determination of the character of property and its distribution will not be disturbed on appeal. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981); *Bigelow v. Stephens*, 286 S.W.3d 619, 620 (Tex. App.—Beaumont 2009, no pet.); *Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.—Eastland 2008, no pet.). Where findings of fact and conclusions of law have neither been requested nor filed, it is presumed that the trial court made all of the findings necessary to support its judgment or decree. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

The record reflects that the company was formed during the marriage and that Margaret and Kelly each owned 50% of the company. An inventory of both community and separate property was admitted without objection. In the inventory, the parties separately listed the community assets and the value attached to each. Both the El Camino and the company are listed as community assets. While the El Camino had been listed as a company asset in the March 2007 balance sheet of the company, it was undisputed that title was in Kelly's name. It was undisputed that the company was a community asset; however, there were questions concerning how the company had been operated by Kelly since the couple had separated. The record before this court does not support Margaret's contentions that the trial court erred in its characterization of the disputed property.

In the decree, Kelly was ordered to pay Margaret $64,300. The record reflects that the parties agreed, at least at one point during the proceedings, that the value of the company according to Margaret's CPA was $128,601. In Exhibit No. 1, Margaret shows that she had agreed at one time

2

to pay Kelly $50,000 for his interest in the company. Kelly further testified that he would pay Margaret $64,300 for her interest in the company.

The record before this court does not support Margaret's contentions that the trial court's award was grossly disproportionate or not supported by the evidence. Likewise, the record does not support her contentions that the property was undervalued or that the trial court used the wrong standards. The record supports the trial court's division of property as "just and right, having due regard for the rights of each party" pursuant to Section 7.001. The majority of the property was awarded pursuant to the parties' agreement. The disputed property – the company and the El Camino – was awarded to Kelly along with the debt attributable to the El Camino and the provision that Kelly pay Margaret $64,300 in cash. All of Margaret's contentions have been considered. Each is overruled.

The decree of the trial court is affirmed.


PER CURIAM


January 29, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.