

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00087-CV

_____

IN THE MATTER OF THE MARRIAGE OF HANDRA CIGAINERO AND
TIMOTHY CIGAINERO AND IN THE INTEREST OF D.J.C., A CHILD

On Appeal from the County Court at Law
Cass County, Texas
Trial Court No. CCL 08-D-280

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

Timothy Cigainero purchased three duplexes in 1983 that generated rental income. That rental income continued during his marriage to Handra Cigainero, which began in 1987. Timothy and Handra have now divorced. Timothy appeals from the decree of dissolution, which awarded economic contribution to Handra for mortgage payments on the duplexes made by the community estate because they benefitted Timothy's separate property. Specifically, Timothy argues that the evidence was insufficient to calculate economic contribution and that the trial court abused its discretion in denying his claim for offset. We affirm the trial court's judgment because we find that (1) sufficient evidence supports the award of economic contribution under Section 3.403 of the Texas Family Code,[1] and (2) the trial court did not err in denying Timothy's claims for offset.

*(1)    Sufficient Evidence Supports the Award of Economic Contribution*

"In a decree of divorce or annulment, the court shall determine the rights of both spouses in a claim for economic contribution as provided by Subchapter E, Chapter 3, and in a manner that the court considers just and right." TEX. FAM. CODE ANN. § 7.007, *amended by* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 7, 2009 Tex. Gen. Laws 1950, 1952 (eff. Sept. 1, 2009); TEX. FAM. CODE. ANN. § 7.001 (Vernon 2006). The just and right standard gives the court broad

---

[1]The statute providing for claims based on economic contribution has recently been repealed. TEX. FAM. CODE ANN. § 3.403, *repealed by* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(3), 2009 Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009). The repealed text of this statute is effective for Handra's claims because they were filed before September 1, 2009.

discretion in ordering division of a claim for economic contribution. *See Bigelow v. Stephens*, 286 S.W.3d 619, 620 (Tex. App.—Beaumont 2009, no pet.) (citing *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998)). Thus, we reverse the trial court's judgment only where it "clearly abused its discretion and if the error materially affects the court's just and right division of the property." *Id.* (quoting *Nelson v. Nelson*, 193 S.W.3d 624, 628 (Tex. App.—Eastland 2006, no pet.). "[A]s long as the spouse who is claiming the right to reimbursement establishes the fact and amount of community funds expended to improve or benefit the other spouse's separate property," the evidence supports the court's finding in this case. *In re Marriage of Morris*, 12 S.W.3d 877, 882 (Tex. App.—Texarkana 2000, no pet.). By applying these factors, we consider whether the trial court made a reasonable decision based on the evidence before it. *Bigelow*, 286 S.W.3d at 621.

After Timothy's marriage to Handra in 1987, rental income from the separate property duplexes became the property of the community estate. *McElwee v. EcElwee*, 911 S.W.2d 182, 188–89 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing *Moss v. Gibbs*, 370 S.W.2d 452, 454 (Tex. 1963). Income from the rental properties was kept in a separate business account and was used to pay the duplex mortgages. The account was also used to pay for a family vehicle, mortgage on the family home, and other community household needs.

Economic contribution is measured by "the reduction of the principal amount of debt secured by a lien on property owned before marriage, to the extent the debt existed at the time of marriage." TEX. FAM. CODE ANN. § 3.402(3), *amended by* Act of May 29, 2009, 81st Leg., R.S.,

3

ch. 768, §3, 2009 Tex. Gen. Laws 1950, 1951 (eff. Sept. 1, 2009).  "A marital estate that makes an economic contribution to the property owned by another marital estate has a claim for economic contribution with respect to the benefitted estate."  TEX. FAM. CODE ANN. § 3.403 (Vernon 2006). Here, when the community duplex-rental-income account was used to pay down mortgages on Timothy's separate property duplexes, his estate was benefitted by the reduction in debt. Accordingly, the trial court awarded $127,111.86 to the community estate, which translated into a judgment against Timothy for half of that amount, or $63,555.93.

The record contains the following stipulated real estate financial data:

(1) Duplex at 2719 County Avenue, Texarkana, Arkansas . . .

| | |
|---|---|
| purchase price - | $66,979.00 |
| down payment - | $16,219.00 |
| mortgage assumption - | $50,000.00 |
| value at purchase - | $66,000.00 |
| value at date of marriage - | $66,000.00 |
| current value - | $77,000.00 |

. . . .

(2) Duplexes at 1201 and 1203 Garland Street, Texarkana, Arkansas . . .

| | |
|---|---|
| purchase price - | $121,319.00 |
| value at purchase - | $121,300.00 |
| value at date of marriage - | $121,300.00 |
| current value - | $175,300.00 |

. . . .

*Duplex properties (1) and (2) were combined as collateral for a single loan for $160,000.00…The loan balance on the date of the marriage was $159,280.00. The current loan balance is $80,155.00.

Section 3.403 provides the following formula for calculating economic contribution:

(b)   The amount of the claim under this section is equal to the product of:
   (1) the equity in the benefitted property on the date of dissolution of the marriage . . . multiplied by
   (2) a fraction of which:
      (A) the numerator is the economic contribution to the property owned by the benefitted marital estate by the contributing marital estate; and
      (B) the denominator is an amount equal to the sum of:
      (i) the economic contribution to the property owned by the benefitted marital estate by the contributing marital estate; and
      (ii) the contribution by the benefitted estate to the equity in the property owned by the benefitted estate.
(b-1) The amount of the contribution by the benefitted marital estate under subsection (b)(2)(B)(ii) is measured by determining: . . .
   (2) if the benefitted estate is the separate property estate of a spouse:
      (A) the net equity of the separate property estate in the property owned by the separate property estate as of the date of the first economic contribution to that property by the contributing community property estate; and

(B) any additional contribution to the equity in the property owned by the separate property estate made by the benefitted separate property estate after the date described by Subdivision (A).

TEX. FAM. CODE ANN. § 34.03. In other words, for this case, the formula is the equity in the separate property as of the date of dissolution (SPE(DOD)) multiplied by the economic contribution to the separate property by the community estate (EC(CE)), divided by the sum of EC(CE), the equity in the separate property as of the date of the marriage (SPE(DOM)), and any economic contribution to the separate property by the separate estate (EC(SE)), or

$$SPE(DOD) \times \frac{EC(CE)}{EC(CE) + SPE(DOM) + EC(SE)}$$

On the date of dissolution of the marriage, the value of both properties was $252,300.00 ($77,000.00 + $175,300.00), and the loan balance on both properties was $80,155.00. Subtracting the loan balance from the value left the equity in the separate property on the date of dissolution, or $172,145.00. Because the rent from duplexes became community property after the date of marriage, and mortgages were paid from those rents the month after marriage, the trial court used the date of marriage as the approximate date of the first community contribution to Timothy's separate property estate. On this date, the value of both properties was $187,300.00 ($66,000.00 + $121,300.00), and the loan balance was $159,280.00. Subtracting the loan balance from the property value on the date of the marriage yields an equity on that date of $28,020.00. Because there was no evidence of any contribution by Timothy's separate estate during the marriage, that value was $0.00. At the beginning of the marriage, the loan balance was

$159,280.00, and the current loan balance was $80,155.00. Because the community paid the loan balance, the economic contribution to the benefitted estate can be measured by reduction in debt. Thus, the economic contribution by the community estate was $79,125.00 ($159,280.00 - $80,155.00). Plugging in the values above, the formula looks like this:

$$\$172,145.00 \quad X \quad \frac{\$79,125,00}{\$79,125.00 + \$28,020.00 + \$0}$$

$$\$172,145.00 \quad X \quad \frac{\$79,125.00}{\$107,145.00}$$

$$\$172,145.00 \quad X \quad .73848523 = \$127,126.54$$

Thus, we conclude the trial court's calculation of $127,111.8[2] total economic contribution was supported by legally and factually sufficient evidence. Timothy's first point of error is overruled.

*(2)*     *The Trial Court Did Not Err in Denying Timothy's Claims for Offset*

Whereas a claim for equitable contribution is a statutory remedy designed to compensate a contributing estate for reduction in principal amount of debt secured by a lien on property owned by the benefitting estate, the recovery for reimbursement—expenditures of a contributing estate

---

[2]The trial court's calculation results when the decimal .73848523 is truncated to four places, i.e., .7384. This truncation benefitted Timothy by $14.68.

used to improve property of the benefitting estate—is based only in equity. *Nelson v. Nelson*, 713 S.W.2d 146, 147 (Tex. App.—Texarkana 1986, no writ). Thus, reimbursement is not available as a matter of law, but lies within the trial court's discretion. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982). "The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable." *Bigelow*, 286 S.W.3d at 622. "The party seeking an offset to a claim for reimbursement has the burden of proof with respect to the offset." TEX. FAM. CODE ANN. § 3.408, *repealed by* Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(5), 2009 Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009).

Timothy argues the trial court abused its discretion by refusing to allow for an offset against the economic contribution claim. Specifically, he claims that he is entitled to the offset because he "provided the parties' income tax records showing that they had benefitted from the tax deductions taken each year as a result of depreciation, along with documentation and testimony that the community estate benefitted greatly from the rental income from the properties in the sum of over $500,000."

The post-nuptial rental income from Timothy's separate property was community property. Naturally, the community estate benefitted from rental income, but it was not due to contributions by Timothy's separate estate. Thus, Timothy was not entitled to an offset for the community rental income that benefitted the community estate.

8

During trial, there was testimony that depreciation of the duplexes provided a benefit on joint tax returns. Tax returns listing total amount of depreciation were provided to the court. Timothy cites *Penick v. Penick*, 783 S.W.2d 194 (Tex. 1988), to support his proposition. In *Penick*, the Texas Supreme Court held that it was not an abuse of discretion for the trial court, in valuing the reimbursement claim, to also consider tax benefits accruing to the community estate as a result of the depreciation deduction taken by the community on the husband's separate property. *Id.* at 197. The court in *Penick* reiterated that reimbursement is an equitable doctrine and that great latitude must be given to a trial court applying the equitable principle. *Id.* at 197–98.

In connection with this claim, there were countervailing claims. During trial, Handra testified that refunds from joint tax returns were used to make repairs on the duplexes. Funds from the duplex-rental-income account were also used for other expenses related to the duplexes at Timothy's discretion. An exhibit listed "expenses paid by the community" and contained $1,217.00 for advertising, $2,017.00 for automobile and travel, $26,629.00 for insurance, $42,862.00 for repairs, $35,313.00 for taxes, and $2,267.00 for utilities. In equity, the community was entitled to reimbursement for expenditures used to improve the property and pay separate property debts. *Nelson*, 713 S.W.2d at 147–48.

Here, the trial court sent a letter to the parties informing them that it would take depreciation into consideration. The trial court specifically found:

> Section 3.407 of the Texas Family Code allows the Court to consider tax benefits to the community derived from depreciation claimed on Respondent's separate property, along with other benefits, to offset a reimbursement claim of the

9

> Petitioner for reimbursement for expenses paid by the community in connection with the upkeep and repair of Respondent's separate property duplexes. The Court determines that the overall . . . tax benefits to the community resulting from deductions taken in connection with separate property duplexes, offsets any expenditures made by the community for upkeep and repair of the duplexes during the marriage.

Thus, the trial court considered the benefit received by the community for tax deductions from depreciation of Timothy's separate property and offset them against Handra's claims for reimbursement. If the offset were also applied to economic contribution, Timothy would receive a double recovery.

Moreover, there is no authority in the Texas Family Code suggesting that offsets, which are equitably determined, can be applied to claims for economic contribution. Whereas benefits for use and enjoyment of property can offset claims for reimbursement, they are specifically disallowed as offsets for economic contribution. TEX. FAM. CODE ANN. § 3.403(e), § 3.408(d) (Vernon 2006); Emilia Pirgova, *Can the Texas Economic Contribution Statute be Reconciled with the Inception of Title Doctrine*, 12 TEX. WESLEYAN L. REV. 655, 683 (2006) ("Under the new statute, courts may not offset the economic contribution claim with any benefits received by the contributing estate.").

We overrule this point of error and affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 25, 2010
Date Decided:       February 2, 2010

11