In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00087-CV

                                                ______________________________

 

 

 

 IN THE MATTER OF THE MARRIAGE OF
HANDRA CIGAINERO AND TIMOTHY CIGAINERO AND IN THE INTEREST OF D.J.C., A CHILD

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court at Law

                                                              Cass County, Texas

                                                     Trial Court No. CCL 08-D-280

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                              

 

 

 

 

 

 

 

 

 

O P I N I O N

 

            Timothy
Cigainero purchased three duplexes in 1983 that generated rental income.  That rental income continued during his
marriage to Handra Cigainero, which began in 1987.    Timothy and Handra have now divorced.  Timothy appeals from the decree of
dissolution, which awarded economic contribution to Handra for mortgage
payments on the duplexes made by the community estate because they benefitted
Timothy’s separate property. 
Specifically, Timothy argues that the evidence was insufficient to
calculate economic contribution and that the trial court abused its discretion
in denying his claim for offset.  We
affirm the trial court’s judgment because we find that (1) sufficient evidence
supports the award of economic contribution under Section 3.403 of the Texas
Family Code,[1] and (2) the
trial court did not err in denying Timothy’s claims for offset.

(1)        Sufficient Evidence
Supports the Award of Economic Contribution

            “In
a decree of divorce or annulment, the court shall determine the rights of both
spouses in a claim for economic contribution as provided by Subchapter E,
Chapter 3, and in a manner that the court considers just and right.”  Tex.
Fam. Code Ann. § 7.007, amended by
Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 7, 2009 Tex. Gen. Laws 1950,
1952 (eff. Sept. 1, 2009); Tex. Fam. Code.
Ann. § 7.001 (Vernon 2006). The just and right standard gives the court
broad discretion in ordering division of a claim for economic
contribution.  See Bigelow v. Stephens, 286 S.W.3d 619, 620 (Tex. App.—Beaumont
2009, no pet.) (citing Schlueter v. Schlueter, 975 S.W.2d 584,
589 (Tex. 1998)).  Thus, we reverse the
trial court’s judgment only where it “clearly abused its discretion and if the
error materially affects the court’s just and right division of the property.”  Id. (quoting
Nelson v. Nelson, 193 S.W.3d 624, 628
(Tex. App.—Eastland 2006, no pet.).  “[A]s
long as the spouse who is claiming the right to reimbursement establishes the
fact and amount of community funds expended to improve or benefit the other
spouse’s separate property,” the evidence supports the court’s finding in this
case.  In re Marriage of Morris, 12 S.W.3d 877, 882 (Tex. App.—Texarkana
2000, no pet.).  By applying these factors, we consider
whether the trial court made a reasonable decision based on the evidence before
it.  Bigelow,
286 S.W.3d at 621. 

            After Timothy’s marriage to Handra in 1987, rental
income from the separate property duplexes became the property of the community
estate.  McElwee v. EcElwee, 911
S.W.2d 182, 188–89 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (citing Moss
v. Gibbs, 370 S.W.2d 452, 454 (Tex. 1963). 
Income from the rental properties was kept in a separate business
account and was used to pay the duplex mortgages.  The account was also used to pay for a family
vehicle, mortgage on the family home, and other community household needs.  

            Economic
contribution is measured by “the reduction of the principal amount of debt
secured by a lien on property owned before marriage, to the extent the debt
existed at the time of marriage.”  Tex. Fam. Code Ann. § 3.402(3), amended by Act of May 29, 2009, 81st
Leg., R.S., ch. 768, §3, 2009 Tex. Gen. Laws 1950, 1951 (eff. Sept. 1, 2009).  “A marital estate that makes an economic
contribution to the property owned by another marital estate has a claim for
economic contribution with respect to the benefitted estate.”  Tex.
Fam. Code Ann. § 3.403 (Vernon 2006). 
Here, when the community duplex-rental-income account was used to pay
down mortgages on Timothy’s separate property duplexes, his estate was
benefitted by the reduction in debt. 
Accordingly, the trial court awarded $127,111.86 to the community
estate, which translated into a judgment against Timothy for half of that
amount, or $63,555.93.  

            The
record contains the following stipulated real estate financial data: 

(1) Duplex at 2719 County Avenue,
Texarkana, Arkansas . . .  

            purchase
price -                       
$66,979.00

            down
payment -                      $16,219.00

            mortgage
assumption  -          $50,000.00

            value
at purchase -                  $66,000.00

            value
at date of marriage -      $66,000.00

            current
value -                         
$77,000.00

            .
. . .




 

(2) Duplexes at
1201 and 1203 Garland Street, Texarkana, Arkansas . . .

            purchase price -                       $121,319.00

            value at purchase -                  $121,300.00

            value at date of marriage -      $121,300.00

            current value -                         $175,300.00

                        . . . .

*Duplex properties (1) and (2) were combined as
collateral for a single loan for $160,000.00…The loan balance on the date of
the marriage was $159,280.00.  The
current loan balance is $80,155.00.

 

Section 3.403 provides the
following formula for calculating economic contribution:

(b)  The
amount of the claim under this section is equal to the product of: 

   (1) the
equity in the benefitted property on the date of dissolution of the marriage  . . . multiplied by

   (2) a
fraction of which:

     (A) the numerator is the economic
contribution to the property owned by the               benefitted
marital estate by the contributing marital estate; and 

     (B) the
denominator is an amount equal to the sum of: 

       (i) the economic contribution to the property
owned by the benefitted marital             estate by the contributing marital estate; and


      (ii) the contribution by the benefitted
estate to the equity in the property                     owned
by the benefitted estate.

(b-1) The amount of the contribution by the
benefitted marital estate under subsection (b)(2)(B)(ii) is measured by
determining: . . .

   (2) if
the benefitted estate is the separate property estate of a spouse:

     (A) the net equity of the separate
property estate in the property owned by the              separate
property estate as of the date of the first economic contribution to that            property by the contributing
community property estate; and 




 

 

     (B) any additional contribution to the
equity in the property owned by the      separate
property estate made by the benefitted separate property estate after the       date described by Subdivision (A).  

 

Tex. Fam. Code Ann. §
34.03.  In other words, for this case,
the formula is the equity in the separate property as of the date of
dissolution (SPE(DOD)) multiplied by the economic contribution to the separate
property by the community estate (EC(CE)), divided by the sum of EC(CE), the
equity in the separate property as of the date of the marriage (SPE(DOM)), and
any economic contribution to the separate property by the separate estate
(EC(SE)), or



            On
the date of dissolution of the marriage, the value of both properties was
$252,300.00 ($77,000.00 + $175,300.00), and the loan balance on both properties
was $80,155.00.  Subtracting the loan
balance from the value left the equity in the separate property on the date of
dissolution, or $172,145.00.  Because the
rent from duplexes became community property after the date of marriage, and
mortgages were paid from those rents the month after marriage, the trial court
used the date of marriage as the approximate date of the first community
contribution to Timothy’s separate property estate.  On this date, the value of both properties
was $187,300.00 ($66,000.00 + $121,300.00), and the loan balance was
$159,280.00.  Subtracting the loan
balance from the property value on the date of the marriage yields an equity on
that date of $28,020.00.  Because there
was no evidence of any contribution by Timothy’s separate estate during the
marriage, that value was $0.00.  At the
beginning of the marriage, the loan balance was $159,280.00, and the current
loan balance was $80,155.00.  Because the
community paid the loan balance, the economic contribution to the benefitted
estate can be measured by reduction in debt. 
Thus, the economic contribution by the community estate was $79,125.00
($159,280.00 - $80,155.00).  Plugging in
the values above, the formula looks like this:

                        $172,145.00      X  
           $79,125,00

                                                              ________________________

                                                               $79,125.00 + $28,020.00 + $0

 

                        $172,145.00
      X              $79,125.00

                                     
_________________________

                                                                            $107,145.00

                        $172,145.00
      X    
.73848523  = $127,126.54

            Thus,
we conclude the trial court’s calculation of $127,111.8[2]
total economic contribution was supported by legally and factually sufficient
evidence.  Timothy’s first point of error
is overruled.

(2)        The Trial Court Did Not
Err in Denying Timothy’s Claims for Offset

            Whereas
a claim for equitable contribution is a statutory remedy designed to compensate
a contributing estate for reduction in principal amount of debt secured by a
lien on property owned by the benefitting estate, the recovery for
reimbursement—expenditures of a contributing estate used to improve property of
the benefitting estate—is based only in equity. 
Nelson v. Nelson, 713 S.W.2d
146, 147 (Tex. App.—Texarkana 1986, no writ). 
Thus, reimbursement is not available as a matter of law, but lies within
the trial court’s discretion.  Vallone v. Vallone, 644 S.W.2d 455, 459
(Tex. 1982).  “The party claiming the
right of reimbursement has the burden of pleading and proving that the
expenditures and improvements were made and that they are reimbursable.” Bigelow, 286 S.W.3d at 622.  “The party seeking an offset to a claim for
reimbursement has the burden of proof with respect to the offset.”  Tex.
Fam. Code Ann. § 3.408, repealed
by Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(5), 2009 Tex. Gen.
Laws 1950, 1953 (eff. Sept. 1, 2009).  

            Timothy
argues the trial court abused its discretion by refusing to allow for an offset
against the economic contribution claim. 
Specifically, he claims that he is entitled to the offset because he “provided
the parties’ income tax records showing that they had benefitted from the tax
deductions taken each year as a result of depreciation, along with
documentation and testimony that the community estate benefitted greatly from
the rental income from the properties in the sum of over $500,000.”  

            The
post-nuptial rental income from Timothy’s separate property was community
property.  Naturally, the community
estate benefitted from rental income, but it was not due to contributions by
Timothy’s separate estate.  Thus, Timothy
was not entitled to an offset for the community rental income that benefitted
the community estate.

            During
trial, there was testimony that depreciation of the duplexes provided a benefit
on joint tax returns.  Tax returns
listing total amount of depreciation were provided to the court.  Timothy cites Penick v. Penick, 783 S.W.2d 194 (Tex. 1988), to support his
proposition.  In Penick, the Texas Supreme Court held that it was not an abuse of
discretion for the trial court, in valuing the reimbursement claim, to also
consider tax benefits accruing to the community estate as a result of the
depreciation deduction taken by the community on the husband’s separate
property.  Id. at 197.  The court in Penick reiterated that reimbursement is
an equitable doctrine and that great latitude must be given to a trial court
applying the equitable principle.  Id. at 197–98. 

            In
connection with this claim, there were countervailing claims.  During trial, Handra testified that refunds
from joint tax returns were used to make repairs on the duplexes.  Funds from the duplex-rental-income account
were also used for other expenses related to the duplexes at Timothy’s
discretion.  An exhibit listed “expenses
paid by the community” and contained $1,217.00 for advertising, $2,017.00 for
automobile and travel, $26,629.00 for insurance, $42,862.00 for repairs,
$35,313.00 for taxes, and $2,267.00 for utilities.  In equity, the community was entitled to
reimbursement for expenditures used to improve the property and pay separate
property debts.  Nelson, 713 S.W.2d at 147–48.

            Here,
the trial court sent a letter to the parties informing them that it would take
depreciation into consideration.  The
trial court specifically found:

            Section
3.407 of the Texas Family Code allows the Court to consider tax benefits to the
community derived from depreciation claimed on Respondent’s separate property,
along with other benefits, to offset a reimbursement claim of the Petitioner
for reimbursement for expenses paid by the community in connection with the
upkeep and repair of Respondent’s separate property duplexes.  The Court determines that the overall . . . tax
benefits to the community resulting from deductions taken in connection with
separate property duplexes, offsets any expenditures made by the community for
upkeep and repair of the duplexes during the marriage. 

 

Thus, the trial court considered
the benefit received by the community for tax deductions from depreciation of
Timothy’s separate property and offset them against Handra’s claims for
reimbursement.  If the offset were also
applied to economic contribution, Timothy would receive a double recovery.  

            Moreover,
there is no authority in the Texas Family Code suggesting that offsets, which
are equitably determined, can be applied to claims for economic
contribution.  Whereas benefits for use
and enjoyment of property can offset claims for reimbursement, they are
specifically disallowed as offsets for economic contribution. Tex. Fam. Code Ann. § 3.403(e), § 3.408(d)
(Vernon 2006); Emilia Pirgova, Can the
Texas Economic Contribution Statute be Reconciled with the Inception of Title
Doctrine, 12 Tex. Wesleyan L. Rev.
655, 683 (2006) (“Under the new statute, courts may not offset the economic
contribution claim with any benefits received by the contributing estate.”).

 

 

 

 

            We
overrule this point of error and affirm the trial court’s judgment.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

Date Submitted:          January
25, 2010

Date Decided:             February 2, 2010











[1]The
statute providing for claims based on economic contribution has recently been
repealed.  Tex. Fam. Code Ann. § 3.403, repealed by Act of May 29, 2009, 81st Leg., R.S., ch. 768, § 11(3),
2009 Tex. Gen. Laws 1950, 1953 (eff. Sept. 1, 2009).  The repealed text of this statute is
effective for Handra’s claims because they were filed before September 1, 2009.

 

 





[2]The
trial court’s calculation results when the decimal .73848523 is truncated to
four places, i.e., .7384.  This
truncation benefitted Timothy by $14.68.