NO. 07-06-0487-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2007

______________________________

TEXAS PARKS and WILDLIFE DEPARTMENT, 

Appellant

v.

THE SAWYER TRUST, 

Appellee

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF DONLEY COUNTY;

NO. 6358; HON. DAVID M. MCCOY, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an interlocutory appeal from the trial court’s denial of a plea to the jurisdiction filed by the Texas Parks and Wildlife Department.  We affirm.

The Sawyer Trust (the Trust) sued the Department.  Among other things, the Trust sought relief against the Department for unlawfully taking its property in violation of both the United States and Texas Constitutions, for declaratory judgment regarding the purported navigability of a stream lying on Trust realty, and for temporary and permanent injunctions prohibiting the Department from “interfering with its property rights.”  The State filed a plea to the jurisdiction of the trial court contending that sovereign immunity barred prosecution of the suit.  The trial court disagreed and denied the motion.  

The property in question lies within Donley County and the Salt Fork of the Red River runs through a portion of it.  Furthermore, the Trust wishes to sell sand and gravel from the river’s bed.  Yet, the State of Texas, through the Department, has asserted that the river is navigable and, thus, owned by the State.  At the heart of the dispute before us is the question of whether the river is indeed navigable.  If it is, then its bed is property of the State.
(footnote: 1)  If not, then it belongs to the Trust.  According to the Department, this issue cannot be resolved by the courts of this state without prior approval of the Texas Legislature.  Without such approval, according to the Department, the only way a court can address it is if the Trust attempted to take gravel from the river bed and the State was to decide to criminally prosecute the Trust for theft, trespass, or whatever other crime it thought appropriate.  

Generally, a party can maintain a suit to determine its rights without legislative permission as long as damages are not sought.  
Federal Sign v. Texas Southern University, 
951 S.W.2d 401, 404 (Tex. 1997). Here, the Trust argues that the State is acting without legal or statutory authority in claiming title to the sand and gravel because the waterway is not navigable.  So too does it seek declaratory relief to adjudicate whether the river is navigable and, if it is not, injunctive relief to prevent further interference with its use of same.  A declaratory judgment action seeking the determination of a disputed fact issue, to wit: whether the Salt Fork of the Red River is a navigable waterway as it passes through the Trust’s property, is not a suit against the State that implicates sovereign immunity.  Although it may have the collateral consequence of resolving a factual dispute that impacts a claim being made by the State, it is not an action that is in essence one for the recovery of money from the State or for determination of title; therefore, legislative permission to prosecute it is unnecessary.  
See Cobb v. Harrington, 
144 Tex. 360, 190 S.W.2d 709, 712-13 (1945) (in which the court was asked to determine by declaratory judgment whether the parties were motor carriers as defined by the tax statute which the court found not to be a suit against the state).  We voice no opinion on any other cause of action within the live pleading, however.

Accordingly, we cannot say that the trial court erred in denying the Department’s plea.  Additionally, the order denying that plea is affirmed.  

  

Per Curiam 

 

 

   

       úåßÑeconomic contribution and reimbursement of his separate property for enhancement of the community estate because such an award was contrary to the overwhelming weight of the evidence. 
 

Admission of Evidence

Evidentiary rulings admitting or excluding evidence are committed to the trial court's sound discretion.  
See
 
Texas Dep’t of Transp. v. Able
, 35 S.W.3d 608, 617 (Tex. 2000); 
City of Brownsville v. Alvarado
, 897 S.W.2d 750, 753 (Tex. 1995).  A trial court abuses its discretion when it acts without regard for any guiding rules or principles.  
Alvarado
, 897 S.W.2d at 754.   An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling.  
Owens-Corning Fiberglas Corp. v. Malone
, 972 S.W.2d 35, 43 (Tex. 1998).  A case will not be reversed because of an erroneous evidentiary ruling unless the error was harmful, that is, unless it probably caused the rendition of an improper judgment.  
See
 
Tex. R. App. P.
 44.1(a);  
see
 
also
 
Able
, 35 S.W.3d at 617
; 
Malone
, 972 S.W.2d at 43.  A successful challenge to an evidentiary ruling usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.  
See
 
Able
, 35 S.W.3d at 617; 
Alvarado
, 897 S.W.2d at 753-54. 

Debbie properly objected to the admission of two receipts related to the purchase of the 1972 Chevrolet Chevelle and forklift as hearsay. 
See
 
Tex. R.  Evid.
 103(a); 
Tex. R. App. P. 
33.1.  Fred did not raise before the trial court an exception to the hearsay rule, and we find no applicable hearsay exception.  
See
 Tex. R. Evid
. 803-804.  Therefore, the trial court failed to follow guiding rules and principles in overruling Debbie’s hearsay objection.  Without the receipts, Fred had no other written evidence supporting his contention that the Chevelle and the forklift were his separate property.  Thus, the admission of the receipts was harmful and probably caused the rendition of an improper judgment, as we will further elaborate in the next section.

Characterization of Property

Property possessed by either spouse on dissolution of marriage is presumed to be community property and, to overcome this presumption, a party must establish by clear and convincing evidence that the disputed property is separate property.  
See
 
Tex. Fam. Code Ann.
 § 3.003 (Vernon 1998).
(footnote: 1)  Clear and convincing evidence is defined as that “measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”  § 101.007.   Mere testimony that property was purchased with separate property funds, without a tracing of the funds, is generally insufficient to rebut the community presumption.  
Zagorski v. Zagorski
, 116 S.W.3d 309, 316 (Tex.App.–Houston [14
th
 Dist.] 2003, pet. denied). 

Debbie contends that the four disputed items were purchased after marriage and are, thus, community property.  In contrast, Fred testified that the vehicles and forklift were purchased prior to marriage and are, thus, separate property.   Considering that the only written evidence concerning the chararcterization of this property were the two receipts that we have determined were erroneously admitted, the only remaining evidence of the property’s characterization was the testimony of the parties.
  
We conclude that Fred’s mere testimony that the property was purchased with separate property funds, without tracing of the funds, was insufficient to rebut the community presumption.  
Zagorski
, 116 S.W.3d at 316.  Therefore, Fred failed to overcome the community presumption as to each of the four items found by the trial court to have been Fred’s separate property.  Since Fred failed to present any tracing evidence to overcome the community presumption, the trial court could not have formed a firm belief or conviction that the items were Fred’s separate property.  Therefore, we conclude that the trial court erred in characterizing the forklift, Chevelle, Celica, and Blazer as Fred’s separate property because the trial court acted without reference to any guiding rules or principles.  
See
 
Alvarado
, 897 S.W.2d at 754.

Reimbursement of economic contribution claim

Reimbursement is an equitable doctrine and a court of equity is bound to look at all the facts and circumstances to determine what is fair, just and equitable.  
Penick v. Penick
, 783 S.W.2d 194, 197 (Tex. 1988).
(footnote: 2)  When separate property is used to enhance the value of the community estate, including the reduction of community debt, the spouse whose separate property was used has an equitable right of reimbursement.  
Boyd v. Boyd
, 131 S.W.3d 605, 612-13 (Tex.App.–Fort Worth 2004, no pet.).  However, the party claiming a right to reimbursement has the burden of tracing and identifying the separate nature of the funds expended to reduce the community debt.  
Id
. at 614-15.   When a trial court must surmise or speculate, based solely on a party’s testimony, that a party’s separate property was expended to benefit the community, the community presumption will prevail.  
See generally
 
id
. at 616-17.  

Fred testified that he used his separate funds as a down payment on the new shop and that he renovated the shop using his separate funds and, thus, was entitled to reimbursement.  However, no documentary evidence was submitted to the trial court to trace or identify the source of the funds used as a down payment on the shop.  
See
 
id
. at 615.
(footnote: 3)  We conclude that Fred failed to prove his right to reimbursement by failing to trace and identify the separate nature of the funds; hence, the trial court erred in awarding $15,000 to Fred as reimbursement for any payment on the purchase of the new shop.  
See
 
id
. at 616.

Harm Analysis

Having concluded that the trial court erred in the characterization of the four items purchased near the wedding date as Fred’s separate property, as well as concluding that the trial court erred in awarding reimbursement to Fred for monies paid as a down payment on a new shop, we now review those errors for harm.  In reviewing an alleged characterization error, we must determine not only whether the trial court’s findings are supported by clear and convincing evidence, but also whether the characterization error, if established, constitutes more than a 
de minimis effect
.  
See
 
id
. at 617.  Mere mischaracterization of community property as separate property does not require reversal.  
See
 
id
.  If the mischaracterization has more than a 
de minimis
 effect on the just and right division of the community estate, then we must remand the entire case to the trial court for a just and right division based upon the correct characterization of the property.  
See
 
id
.  Additionally, an erroneous reimbursement of economic contribution may also affect the just and right division of property.  
Id
. at 618.  

Depending on the differing values assessed by the parties, and the values used by the court, the four items designated by the trial court as Fred’s separate property made up 10 to 25 percent of the total community estate.
(footnote: 4)  When we include the erroneous reimbursement from the community estate to Fred’s separate estate with the mischaracterization of the four items purchased at or near the wedding date, 20 to 30 percent of the total community estate value was affected by the trial court’s erroneous rulings.  Accordingly, we conclude that the trial court’s rulings had more than a 
de minimis 
effect on the division of the community estate, and as such, the division was so unjust and unfair as to require us to remand the entire case to the trial court for a just and right division based upon a correct characterization of the property.   
See
 
id
.

Conclusion

For the foregoing reasons, we reverse and remand this case to the trial court for a just and right division of the community estate.  

Mackey K. Hancock

                                      Justice

FOOTNOTES
1:
Lands underlying navigable waters are owned by the state.  
State v. Bradford, 
121 Tex. 515, 50 S.W.2d 1065, 1069 (1932).  A navigable stream is one which retains an average width of 30 feet from the mouth up regardless of whether it is actually navigable.  
Tex. Nat. Res. Code Ann. 
§21.001(3) (Vernon 2001).

1:
2:
3:
4: